# BLACKSTONE *v.* WILD.

PATENTS; INTERFERENCE; EVIDENCE; REDUCTION TO PRACTICE.

1. A party to an interference who has the burden of overcoming a previously issued patent to his adversary must prove his case beyond a reasonable doubt.

2. In an interference involving an improvement in labeling machines by means of which a pasted surface of limited width was produced around a can at the junction of the flange of the lid with the body, which, combined with devices to apply and affix a label to the can, caused the same to adhere to the pasted surface, whereby a practically air-tight joint was produced, it was *held* that a machine constructed by one of the parties, and tested with sample cans furnished by a dealer, did not constitute a reduction to practice, where it appeared that the cans furnished were of tin and sealed with a crimp top; that they had a loose slip cover which varied to some extent in the closeness of its fit to the can, which looseness prevented the application of the paste entirely around the cover; and that the object of the pasting could not be obtained by putting the labels on over the

cap in the regular way without pasting them entirely around the can cover; and where it also appeared that the dealer ordered a machine of the regular type, and returned the other to have it rebuilt to correspond with the second machine; and where there was no evidence from the dealer as to the successful operation of the machine.

No. 963.   Patent Appeals.   Submitted March 10, 1915.   Decided March 29, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. L. S. Bacon, Mr. J. H. Milans,* and *Mr. C. T. Milans* for the appellant.

*Mr. George H. Howard* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an interference proceeding having the following issue in a single count:

"In a labeling machine, appliances to produce a pasted surface of limited width entirely around a can at the junction of the flange of the lid with the body, combined with devices to apply and affix a label to the can, and cause the same to adhere to the said pasted surface whereby a practically airtight joint is formed."

The appellant, Clarence W. Blackstone, alleged conception in May, 1906, drawings in September, and reduction to practice March 1, 1907. Frederick W. Wild alleged conception February 26, 1897, disclosure December 26, 1897, and reduction to practice in 1898. The application of Blackstone was filed May 24, 1910. Wild filed July 9, 1909, and obtained a patent on March 8, 1910.

The Examiner of Interferences awarded priority to Blackstone, finding that he had reduced the invention to practice

prior to the filing date of Wild. Wild's claim of reduction to practice through a machine sold and shipped to one Anthony in 1900 was denied. On appeal in turn to the Examiners in Chief and the Commissioner, that decision was reversed and priority awarded to Wild.

Blackstone undertook to prove the making and testing of a machine in May, 1907, and the making and shipping of another to P. C. Thompson & Company, in July, 1909. The proof regarding the making and testing of the first machine was held insufficient by the Examiner of Interferences, but he found that the machine shipped to Thompson & Company, was successfully reduced to practice. He held insufficient the evidence of Wild to show reduction to practice of a machine built for Anthony in 1900 and awarded priority to Blackstone. ·

The Examiners in Chief and the Commissioner, without deciding the question, held Wild to the filing date of his application, but denied the sufficiency of the proof of Blackstone's reduction to practice through· the Thompson machine, and awarded priority to Wild.

Accepting the decision confining Wild· to his filing date for constructive reduction to practice, the question turns on the sufficiency of Blackstone's proof of reduction to practice through the Thompson machine.

It is well settled that one who undertakes to overcome a previously issued patent to another must prove his case beyond a reasonable doubt. Considering this burden of proof, we are not satisfied that Blackstone has maintained it.

No one representing the Thompson Company was called to testify, nor does it appear by the required proof that it was successfully tested by Blackstone with the sample cans furnished by Thompson & Company. The evidence shows that the Thompson cans contained condensed lye, and were of tin, and sealed with a crimp top. The cans had a loose slip cover which varied to some extent in the closeness of its fit to the can. This looseness prevented the application of the paste entirely around the cover. The object of the pasting could be obtained by putting the labels on over the cap in the regular way without pasting

them entirely around the can cover. Thompson & Company, ordered a second machine of the regular type, and returned the other to have it rebuilt to correspond with the second machine.

We agree with the Examiners in Chief and the Commissioner that this evidence of reduction to practice, unsupported by any evidence from Thompson & Company, as to the successful operation of the machine, is not of that convincing character required to overcome a previously issued patent. It is true that the Commissioner made an erroneous statement in his decision, to the effect that the draftsman who made the drawings for the Thompson machine was not called as a witness, when the truth is that Blackstone testified to making the drawings himself.

This was not necessary to the decision of the case, which must rest upon the sufficiency of the evidence to show a reduction to practice of the Thompson machine. The decision is right, and will be affirmed.

The clerk will certify this decision to the Commissioner of Patents, as required by law.                    *Affirmed.*